UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20135-ALTMAN/REID

JUAN RODRIGUEZ,

    Plaintiff,

v.

UNITED STATES, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**
**ON PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

This matter is before the Court pursuant to Plaintiff Juan Rodriguez's Motion for Leave to Proceed *in forma pauperis*. [ECF No. 3]. For the reasons set forth below, this Court **RECOMMENDS** that Plaintiff's Motion be **DENIED,** and the complaint be **DISMISSED**.

**I.  Standard of Review**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit the includes a statement of all assets and that the person is unable to pay the fees. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed IFP). Plaintiff has moved for leave to proceed *in forma pauperis* attesting to his inability to pay the filing fee. [ECF No. 3].

A district court may, however, deny a motion for leave to proceed *in forma pauperis* if it determines the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). Indeed, "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the

1

complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The Supreme Court in *Neitzke v. Williams*, 490 U.S. 319, 317 (1989), explained

> Section 1915(d)[1] has a separate function, one which molds rather differently the power to dismiss which it confers. Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

If a plaintiff's claim has merit, Section 1915 of United States Code Title 28 provides that a court may authorize a person who is unable to pay court fees to commence suit if the litigant is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a)(1).

## II.   Discussion

Plaintiff filed an action against the United States and The Coca-Cola Company ("Coke"), alleging the United States Patent and Trademark Office's Trademark Trial and Appeal Board ("Board") erroneously granted Coke's "petition to cancel Plaintiff's Registration on the Supplemental Register of the [word] 'Cocaleaf.'" [ECF No. 1 at 1; ECF No. 1-2 at 6].

Specifically, Plaintiff asks this Court to decide two issues. First, whether "Trademark Administrative Judges [without] authority… [can] enter judgment as sanctions." [ECF No. 1 at 3]. The Board entered sanctions after Plaintiff refused to follow its request that he "refrain from filing any unconsented pre-trial motions without first participating in a telephone conference with petitioner…." [ECF No. 1-2 at 7]. Secondly, whether "Trademark Administrative Judges without

---

[1] 28 U.S.C. § 1915(d) has since been replaced by 28 U.S.C. § 1915(e)(2)(B). *See* Pub.L. No. 104–134, § 804(a)(5), 110 Stat. 1321, 1321–74 (1996); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

jurisdiction… [can] enter a final decision on registration and cancellation of trademarks." [ECF No. 1 at 3].

Regarding the first issue, Plaintiff's claim is frivolous because it has no arguable basis in law. The ability of the Board to manage its docket and impose sanctions is well settled and one of the ways the Board uses its inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing courts are "necessarily vested" with the power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Carrini Inc. v. Carla Carini S.R.L.*, 57 USPQ2s 1067, 1071 (TTAB 2000) ("Although the Board is not a court, the Board possesses the inherent authority to control the disposition of cases on its docket, which necessarily includes the inherent power to enter sanctions"). Therefore, the Board can use its implied powers to sanction parties.

If the Board can enter sanctions through its inherent authority, then it only makes sense that the Board has jurisdiction to cancel its trademark registrations. Plaintiff is correct that the Board members do not go through Congressional confirmations like Article III judges. [ECF No. 1-2 at 209]. However, this does not disqualify the Board because the Appointment Clause of the United States Constitution "specifies how the President may appoint officers who assist him in carrying out his responsibilities. Inferior officers may be appointed by the President alone, the head of an executive department, or a court." *United States v. Arthrex, Inc.*, 141 S. Ct. 1970, 1978 (2021) (citing Art. II, §2, cl. 2.). As Plaintiff's complaint is inconsistent with clear precedent, this Court must find that his claims are indisputably meritless.

Moreover, Plaintiff's prayer for relief is nonsensical and, accordingly, the Court is unable to provide the relief requested.

### III.     Recommendation

For these reasons, this Court **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 3], be **DENIED** and the complaint **DISMISSED** as frivolous.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 3rd day of May 2023.

                                                                            _____
                                                                            LISETTE M. REID
                                                                            UNITED STATES MAGISTRATE JUDGE

cc: **All Counsel of Record**